Filed 9/22/25  P. v. Urquilla CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DOUGLAS ARMANDO URQUILLA,<br><br>Defendant and Appellant. | B339801<br><br>(Los Angeles County Super. Ct. No. BA100645) |

APPEAL from an order of the Superior Court of Los Angeles County, Curtis B. Rappe, Judge.  Affirmed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Deepti Vaadyala, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Douglas Armando Urquilla (defendant) appeals from the trial court's denial of his motion for a *People v. Franklin* (2016) 63 Cal.4th 261 hearing to preserve evidence for a future youth offender parole hearing. The trial court denied defendant's motion because he is serving a life without the possibility of parole (LWOP) sentence, which renders him statutorily ineligible for such a hearing. Defendant asks us to decide whether the governing youth offender parole statutes that make him ineligible for a *Franklin* hearing violate his constitutional rights, namely, the guarantee of equal protection or the prohibition on cruel or unusual punishment.

## I. BACKGROUND[1]

A jury convicted defendant of the 1994 murders of Martin Jasso and Erika Briseno. The jury found true principal-armed allegations (Pen. Code,[2] § 12022, subd. (a)(1)) and a multiple-murder special circumstance (§ 190.2, subd. (a)(3)). Defendant was sentenced to two consecutive terms of life in prison without the possibility of parole, plus one year for each firearm enhancement. A prior panel of this court affirmed the judgment

---

[1]    We judicially notice on our own motion the opinions by prior panels of this court in defendant's previous appeals. (Evid. Code, §§ 451, subd. (a), 452, subd. (d), 459, subd. (a); *People v. Urquilla* (Apr. 16, 1999, B119484) [nonpub. opn.]; *People v. Urquilla* (Nov. 16, 2020, B298404) [nonpub. opn.]; *People v. Urquilla* (Dec. 12, 2023, B321417) [nonpub. opn.].)

[2]    Undesignated statutory references that follow are to the Penal Code.

on direct appeal.  (*People v. Urquilla* (Apr. 16, 1999, B119484) [nonpub. opn.].)

Defendant filed a section 1172.6 (former section 1170.95) petition for resentencing in 2019.  A prior panel of this court partially reversed the trial court's summary denial of the petition, and a different panel of this court later affirmed the trial court's denial of the petition following an evidentiary hearing.

In April 2023, defendant filed a motion for a *Franklin* hearing and requested appointment of counsel.  Defendant, who was 20 years old at the time of the murders, argued section 3051's exclusion of 18- to 25-year-old LWOP offenders from eligibility for youth offender parole hearings violates equal protection principles.[3]  Defendant maintained the Legislature had no rational basis to make 18- to 25-year-old LWOP offenders ineligible for youth offender parole while 18- to 25-year-old offenders serving the functional equivalent of LWOP sentences were so eligible.

The trial court appointed counsel for defendant.  After our Supreme Court decided *People v. Hardin* (2024) 15 Cal.5th 834, the People filed an opposition brief arguing that case foreclosed defendant's equal protection argument.  Defendant's attorney "submit[ted] on the prosecution's [filings] in light of" *Hardin*, and the trial court denied the *Franklin* motion.

## II.  DISCUSSION

Defendant essentially concedes *Hardin* is dispositive as to his argument that equal protection principles require that young

---

[3]     According to a probation officer's report, the offense conduct took place two days before defendant's 21st birthday.

adult offenders (i.e., those aged 18 to 25) sentenced to LWOP have the same opportunity for parole as young adult offenders with lesser sentences.  He maintains, however, that equal protection principles still can be understood to require young adult offenders sentenced to LWOP to have the same opportunity for parole as *juvenile* offenders sentenced to LWOP.  He also argues an LWOP sentence for a young adult offender constitutes cruel or unusual punishment under the California Constitution.  Both of these new arguments are unpersuasive.

### A.     *Section 3051*
Section 3051 requires the Board of Parole Hearings to conduct a "youth offender parole hearing" during the 15th, 20th, or 25th year of a defendant's incarceration if they were 25 years or younger at the time of the "controlling offense," i.e., "the offense or enhancement for which any sentencing court imposed the longest term of imprisonment."  (§ 3051, subds. (a)(1), (a)(2)(B), (b)(1)-(4).)  The statute excludes several categories of offenders, however, including those who (like defendant) are "sentenced to life in prison without the possibility of parole for a controlling offense that was committed after the person had attained 18 years of age."  (§ 3051, subd. (h).)  Defendants who are eligible for a youth offender parole hearing may request a *Franklin* hearing to develop and preserve evidence of their characteristics and circumstances at the time of the offense. (*Hardin*, *supra*, 15 Cal.5th at 840.)

### B.     *Defendant's Equal Protection Arguments Lack Merit*
Defendant contends section 3051 violates equal protection principles by treating young adult offenders sentenced to LWOP

4

for special circumstance murder differently than young adult offenders serving non-LWOP sentences. Our Supreme Court rejected this argument in *Hardin.*

The defendant in *Hardin* was sentenced to LWOP for a crime he committed when he was 25 years old. (*Hardin, supra*, 15 Cal.5th at 839.) He argued section 3051's exclusion of young adult offenders sentenced to LWOP violates equal protection because there is no rational basis to distinguish this class from juvenile offenders sentenced to LWOP or from young adult offenders serving parole-eligible life sentences. (*Id.* at 840-841.) In the Supreme Court, the defendant "[did] not dispute[ ] that the Legislature acted reasonably in distinguishing between offenses committed before and after the age of 18 because the Eighth Amendment (and the law more generally) makes the same distinction." (*Id.* at 846.) Rather, he "challenge[d] the life without parole exclusion on its face, in all of its applications" and as applied "to young adult offenders who are, like him, serving life without parole sentences following convictions for first degree murder with one or more special circumstances." (*Id.* at 847.)

Our Supreme Court held there is a rational basis for section 3051's different treatment of young adult offenders sentenced to LWOP and parole-eligible young adult offenders. The court explained the statute is not only concerned with prospects for rehabilitation (as the defendant in *Hardin* contended), but also "define[s] degrees of culpability and punishment by leaving in place longstanding judgments about the seriousness of these crimes and, relatedly, the punishment for them." (*Hardin, supra*, 15 Cal.5th at 853, 857-858.) Our Supreme Court further held there is a rational basis for the Legislature's decision to view a special circumstance murder

5

conviction as "a reliable indication of the seriousness of an offense or the culpability of the offender."[4] (*Id.* at 859, 863-864.)

Although the defendant in *Hardin* asserted his equal protection challenge only under the Fourteenth Amendment to the United States Constitution, our Supreme Court "s[aw] '"no reason to suppose" that federal equal protection analysis would yield a result different from what would emerge from analysis of the state Constitution.' [Citation.]" (*Hardin*, *supra*, 15 Cal.5th at 847, fn. 2.) We agree, and defendant offers no argument to the contrary.

Recognizing that *Hardin* precludes his equal protection claim focused on other young adult offenders serving parole-eligible sentences, defendant argues for the first time on appeal that there is no rational basis for section 3051's inclusion of juvenile offenders sentenced to LWOP and exclusion of young adult offenders sentenced to LWOP. Our Supreme Court did not address this theory in *Hardin*, but that was because the defendant there opted not to make the argument (which had been rejected by the Court of Appeal below). (*Hardin*, *supra*, 15 Cal.5th at 846.)

Defendant's new argument complaining of different treatment of LWOP juvenile offenders and LWOP youthful (but not juvenile) offenders is forfeited for failure to raise it below. The argument is also unavailing, as a bevy of published opinions have held. (*People v. Sands* (2021) 70 Cal.App.5th 193, 204; *In re*

---

[4]    Although our Supreme Court remarked that its holding did not foreclose other as-applied challenges (*Hardin*, *supra*, 15 Cal.5th at 862, 864), defendant presents only a facial challenge to section 3051's exclusion of young adult LWOP offenders.

*Murray* (2021) 68 Cal.App.5th 456, 463-464; *People v. Morales* (2021) 67 Cal.App.5th 326, 347; *People v. Jackson* (2021) 61 Cal.App.5th 189, 196-197; *People v. Acosta* (2021) 60 Cal.App.5th 769, 779-780.)

C. *Defendant's Cruel or Unusual Punishment Argument Lacks Merit*

Article I, section 17 of the California Constitution provides that "[c]ruel or unusual punishment may not be inflicted or excessive fines imposed." A sentence violates the California Constitution—and the federal Eighth Amendment's similar prohibition of cruel and unusual punishment—"when the penalty is 'grossly disproportionate to the offense' [citation] so that it '"shocks the conscience and offends fundamental notions of human dignity"' [citations]." (*People v. Steskal* (2021) 11 Cal.5th 332, 378.)

Defendant argues the relief provided to other youthful offenders under section 3051 "should be deemed to cause [his] LWOP sentences in this case . . . to be cruel or unusual punishment . . . ." Defendant did not make this argument in the trial court either, and it too is forfeited. Moreover, the argument so framed rests on equal protection-type reasoning that we have already explained is unavailing on the merits. Furthermore, even undertaking a traditional cruel or unusual disproportionality analysis for the sake of completeness, the argument is unpersuasive because our Supreme Court has held that even death sentences are not unconstitutionally disproportionate for a homicide committed by an offender 18 years old or older. (*People v. Powell* (2018) 6 Cal.5th 136, 191-192; *People v. Flores* (2020) 9 Cal.5th 371, 429-430; see also *In re*

7

*Williams* (2020) 57 Cal.App.5th 427, 439 ["If the Eighth Amendment does not prohibit a sentence of death for 21 year olds, then most assuredly, it does not prohibit the lesser LWOP sentence"].)

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

HOFFSTADT, P. J.

MOOR, J.